| 178 | 09/14/98 | Defendants RAYMOND ASSELIN, SR., JOSEPH ASSELIN, and MELINDA ASSELIN caused SHA to mail Check No. 030752 to Hampden Zimmerman to pay $634.50 for, among other items, Kichler light fixtures for the residence of defendants JOSEPH and MELINDA ASSELIN, 518 Old Farm Road, Amherst, MA. |
| --- | --- | --- |
| 179 | 09/14/98 | Defendants RAYMOND ASSELIN, SR., JOSEPH ASSELIN, and MELINDA ASSELIN caused SHA to mail Check No. 030803 for $1,750.00 to Springfield Lumber Co. to pay for seven hundred square feet of red oak flooring for the residence of defendants JOSEPH and MELINDA ASSELIN, 518 Old Farm Road, Amherst, MA. |
| 180 | 09/16/98 | Defendant RAYMOND ASSELIN, SR., JOSEPH ASSELIN, and MELINDA ASSELIN caused SHA to mail Check No. 031201 for $1,113.17 to R.P.S., Inc. in part to pay $268.60 for a Kichler light fixture for the residence of defendants JOSEPH and MELINDA ASSELIN, 518 Old Farm Road, Amherst, MA. |
| 181 | 11/23/98 | Defendant RAYMOND ASSELIN, SR., JOSEPH ASSELIN, and MELINDA ASSELIN caused SHA to mail Check No. 031439 for $900.36 to R.P.S., Inc. in part to pay $167.18 for a Kichler light fixture and freight for the residence of defendants JOSEPH and MELINDA ASSELIN, 518 Old Farm Road, Amherst, MA. |
| 182 | 11/23/98 | Defendants RAYMOND ASSELIN, SR. and JANET ASSELIN caused SHA to mail Check No. 031473 for $6,101.32 to Serv-U Decorating Center to pay $545.64 for wallpaper and $223.80 for custom blinds for a member of the Asselin family. |
| 183 | 12/04/98 | Defendant RAYMOND ASSELIN, SR. and MARIA SERRAZINA caused SHA to mail Check No. 031527 for $787.25 to Giguere's Used Appliances to pay for a $137.32 service call at the residence of defendant MARIA SERRAZINA, 140 Salli Circle, Ludlow, MA. |
| 184 | 12/14/98 | Defendant RAYMOND ASSELIN, SR., JOSEPH ASSELIN, and MELINDA ASSELIN caused SHA to mail Check No. 031612 for $450.26 to R.P.S., Inc. in part to pay $109.87 for a Kichler light fixture for the residence of defendants JOSEPH and MELINDA ASSELIN, 518 Old Farm Road, Amherst, MA. |

61

| 185 | 12/14/98 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 031644 for $3,779.90 to Springfield Lumber Co. in part to pay for $1,270.89 worth of lumber and materials for a member of the Asselin family. |
|-----|----------|----|
| 186 | 12/14/98 | Defendants RAYMOND ASSELIN, SR. and JANET ASSELIN caused SHA to mail Check No. 031627 for $1,888.00 to Pella Products, Inc. to pay for a copper roofed bay window for the residence of defendants RAYMOND and JANET ASSELIN, SR., 115 Mayfair Avenue, Springfield, MA. |
| 187 | 12/28/98 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 031740 for $3,105.78 to Springfield Lumber Co. in part to pay for $1,581.81 worth of lumber and materials for a member of the Asselin family. |
| 188 | 02/08/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 032075 for $918.66 to Springfield Lumber Co. in part to pay for $116.58 worth of lumber and other materials from Springfield Lumber Co. for a member of the Asselin family. |
| 189 | 03/08/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 032299 for $2,017.42 to Springfield Lumber Co. in part to pay for $924.50 worth of lumber and other materials from Springfield Lumber Co. for a member of the Asselin family. |
| 190 | 04/26/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 032685 for $901.23 to Home Depot in part to pay $129.72 for a vinyl utility cabinet storage unit and drill bits for a member of the Asselin family. |
| 191 | 05/10/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 032786 for $196.56 to Automatic Appliance Parts, Inc. in part to pay $77.35 for a Whirlpool icemaker for a member of the Asselin family. |
| 192 | 05/24/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 032956 for $1,185.38 to Sir Speedy Printing in part to pay $415.50 for seven hundred copies of the 1999 Massachusetts NAHRO Membership Listing. |

| 193 | 06/28/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 033249 for $722.23 to Springfield Lumber Co. in part to pay for $158.48 worth of lumber and materials for a member of the Asselin family. |
|---|---|---|
| 194 | 07/12/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 033346 for $35.00 to Griller's Hall of Fame to pay for grill parts for members of the Asselin family. |
| 195 | 07/23/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 033437 for $291.80 to Ryder Truck Co. to pay for the rental of a moving vehicle for the Asselin vacation home at 56 Stage Island Road, Chatham, MA. |
| 196 | 08/23/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 033805 for $3,612.67 to Springfield Lumber Co. to pay for $1,565.12 worth of lumber for a member of the Asselin family. |
| 197 | 10/25/99 | Defendant RAYMOND ASSELIN, SR. and JANET ASSELIN caused SHA to mail Check No. 034727 for $325.41 to Cook Builders Supply Co. in part to pay $69.00 for thirty lengths of two foot scallop edging at the residences of defendants RAYMOND and JANET ASSELIN, SR., 115 Mayfair Avenue, Springfield, MA. |
| 198 | 10/25/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 034784 for $1,648.87 to Springfield Lumber Co. to pay for $79.30 worth of lumber for a member of the Asselin family. |
| 199 | 12/27/99 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 035394 for $1,706.34 to Springfield Lumber Co. to pay for $135.25 worth of lumber for a member of the Asselin family. |
| 200 | 02/04/00 | Defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION caused SHA to mail Check No. 035684 for $2,226.00 to Eastern Electronics to pay for an alarm system and central vacuum system at the residence of Francis X. Maroney, 16 Azalea Way, Belchertown, MA. |

| 201 | 03/27/00 | Defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION caused SHA to mail Check No. 036355 for $2,411.00 to Springfield Lumber Co. to pay for red oak flooring for the residence of Francis X. Maroney, 16 Azalea Way, Belchertown, MA. |
|-----|----------|---|
| 202 | 05/12/00 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 036777 for $1,391.78 to Sears, Roebuck Co. in part to pay $299.96 for a metal storage cabinet and a sixteen gallon wet/dry vacuum for a member of the Asselin family. |
| 203 | 06/12/00 | Defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, and CHRISTOPHER ASSELIN caused SHA to mail Check No. 037047 for $1,734.64 to Sir Speedy Printing in part to pay $619.50 for twenty-five copies of registered voter lists for defendant CHRISTOPHER ASSELIN and $721.80 for seven hundred fifty copies of the 2000 Massachusetts NAHRO Membership Listing. |
| 204 | 07/24/00 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 037422 for $620.34 to A. Boilard Sons, Inc. to pay for $58.81 worth of lumber and materials for a member of the Asselin family. |
| 205 | 09/11/00 | Defendant RAYMOND ASSELIN, SR., ARTHUR SOTIRION, and CHRISTOPHER ASSELIN caused SHA to mail Check No. 037893 for $241.00 to Sir Speedy Printing in part to pay $129.50 for fifteen copies of the Hill-Donnelly mail and phone lists for defendant CHRISTOPHER ASSELIN. |
| 206 | 09/25/00 | Defendant RAYMOND ASSELIN, SR., ARTHUR SOTIRION, and CHRISTOPHER ASSELIN caused SHA to mail Check No. 038085 for $794.89 to Sir Speedy Printing in part to pay $96.46 for twenty-four copies of street listings for defendant CHRISTOPHER ASSELIN. |
| 207 | 11/13/00 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 038509 for $59.75 to Griller's Hall of Fame to pay for grill parts for members of the Asselin family. |

| 208 | 11/13/00 | Defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION and CHRISTOPHER ASSELIN caused SHA to mail Check No. 038541 for $1,338.30 to Springfield Lumber Co. in part to pay for $128.70 for furring strips to make campaign signs for defendant CHRISTOPHER ASSELIN. |
| 209 | 11/27/00 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 038660 for $408.59 to A. Boilard Sons, Inc. in part to pay $215.33 for lumber and other materials for a member of the Asselin family. |
| 210 | 12/10/00 | Defendants RAYMOND ASSELIN, SR. and RAYMOND ASSELIN, JR. caused SHA to mail Check No. 038782 for $467.50 to Allston Supply Co. to pay for ten cases of Butcher's Bright Washroom Cleaner for RAYMOND ASSELIN, JR. |
| 211 | 02/12/01 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 039516 for $603.21 to W.W. Grainger in part to pay $136.50 for a portable sandblaster with gun and nozzle for a member of the Asselin family. |
| 212 | 03/02/01 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 039880 for $744.23 to Giguere's Used Appliances in part to pay $191.40 for twelve water filters for a member of the Asselin family. |
| 213 | 06/11/01 | Defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION caused SHA to mail Check No. 040971 for $1,761.33 to Sir Speedy Printing in part to pay $937.50 for seven hundred fifty copies of the 2001 Massachusetts NAHRO Membership Listing. |
| 214 | 08/13/01 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 041530 for $602.46 to ABC Supply Co. to pay for ten rolls of rubber roofing for the carport at the residence of defendant RAYMOND ASSELIN, SR., 115 Mayfair Avenue, Springfield, MA, and blue shutters for the Asselin vacation home at 56 Stage Coach Drive, Springfield, MA. family. |

| 215 | 08/13/01 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 041541 for $2,077.24 to A. Boilard Sons, Inc. in part to pay for $104.53 worth of lumber and materials for a member of the Asselin family. |
|---|---|---|
| 216 | 08/13/01 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 041603 for $1,135.50 to Southern Aluminum to pay for three folding aluminum picnic tables for members of the Asselin family. |
| 217 | 09/24/01 | Defendants RAYMOND ASSELIN, SR. and CHRISTOPHER ASSELIN caused SHA to mail Check No. 041983 for $59.40 to A. Boilard & Sons, Inc. to pay for closet shelves at the residence of defendants CHRISTOPHER and MERYLINA ASSELIN, 184 Bowles Park Extension, Springfield, MA. |
| 218 | 09/21/01 | Defendants RAYMOND ASSELIN, SR. and CHRISTOPHER ASSELIN caused SHA to mail Check No. 041970 for $1,547.84 to Staples in part to pay $676.09 for eight boxes of Avery labels for defendant CHRISTOPHER ASSELIN and two large cabinets for a member of the Asselin family. |
| 219 | 09/24/01 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 041980 for $64.59 to ABC Supply Co. to pay for blue shutters for the Asselin vacation home at 56 Stage Island Road, Springfield, MA. family. |
| 220 | 01/18/02 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 040053 for $548.55 to Home Depot to pay for various sets of tools for members of the Asselin family. |
| 221 | 03/29/02 | Defendants RAYMOND ASSELIN, SR. and CHRISTOPHER ASSELIN caused SHA to mail Check No. 043832 for $519.19 to Sir Speedy Printing in part to pay $111.10 for two hundred fifty copies of ward street listings for defendant CHRISTOPHER ASSELIN. |
| 222 | 05/24/02 | Defendants RAYMOND ASSELIN, SR. and CHRISTOPHER ASSELIN caused SHA to mail Check No. 044471 for $589.36 to Staples in part to pay $485.00 for twenty boxes of Avery labels for defendant CHRISTOPHER ASSELIN. |

66

| 223 | 05/27/02 | Defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION caused SHA to mail Check No. 044529 for $1,940.92 to Sir Speedy Printing in part to pay $1,036.00 for seven hundred copies of the 2002 Massachusetts NAHRO Membership Listing. |
| 224 | 07/08/02 | Defendants RAYMOND ASSELIN, SR. and JANET ASSELIN caused SHA to mail Check No. 044862 for $952.90 to Greenough Paper Co. in part to pay $717.90 for paper plates, plastic cups, and napkins for the Asselin vacation home at 56 Stage Island Road, Chatham, MA. |
| 225 | 09/23/02 | Defendant RAYMOND ASSELIN, SR. caused SHA to mail Check No. 045600 for $400.00 to Street Lumber to pay twenty 6" x 6" x 8' recycled plastic timbers for use at 56 Stage Island Road, Chatham, Massachusetts. |

All in violation of Title 18, United States Code, Section 1341, and Title 18, United States Code, Section 2.

### Racketeering Acts 226 through 228

46.  On or about the dates listed below, in the District of Massachusetts and elsewhere,

### RAYMOND ASSELIN, SR.
### and
### ARTHUR SOTIRION,

defendants herein, having devised a scheme and artifice to defraud and deprive the voters of the 12th Hampden District and the general public of the Commonwealth of Massachusetts of the honest services of State Representative Christopher Asselin by means of false pretenses, representations, and promises, did cause false campaign finance reports to be sent, delivered and moved by the United States Postal Service to the Office of Campaign and Political Finance for the purpose of executing, and

67

attempting to execute, the said scheme and artifice to defraud as follows:

| Act | Date | Use of Mail in furtherance of Scheme |
|-----|------|--------------------------------------|
| 226 | 01/18/01 | Defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, JANET ASSELIN, RAYMOND ASSELIN, JR. and CHRISTOPHER ASSELIN caused the mailing of a false Form CPF 102ND: Campaign Finance Report to the Office of Campaign and Political Finance in that said report failed to report campaign expenses paid by SHA and SHA vendors, labor performed by SHA employees on SHA time, and all cash contributions made to the Committee to Elect Christopher Asselin. |
| 227 | 01/22/02 | Defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, JANET ASSELIN, RAYMOND ASSELIN, JR. and CHRISTOPHER ASSELIN caused the mailing of a false Form CPF 102ND: Campaign Finance Report to the Office of Campaign and Political Finance in that said report failed to report campaign expenses paid by SHA vendors, labor performed by SHA employees on SHA time, and all cash contributions made to the Committee to Elect Christopher Asselin. |
| 228 | 07/09/03 | Defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, JANET ASSELIN, RAYMOND ASSELIN, JR. and CHRISTOPHER ASSELIN caused the mailing of a false Form CPF 102ND: Campaign Finance Report to the Office of Campaign and Political Finance in that said report failed to report campaign expenses paid by SHA vendors to the Committee to Elect Christopher Asselin. |

All in violation of Title 18, United States Code, Sections 1341 and 1346, and Title 18, United States Code, Section 2.

### Racketeering Act 229

47.  On or about November 2, 2001, in the District of Massachusetts and elsewhere,

**RAYMOND ASSELIN, SR.,**

defendant herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is the exchange of cash in the amount of $20,000.00, such property having been derived from a specified unlawful activity, which was bribery, a violation of Title 18, United States Code, Section 201, into a check drawn on the SchwabOne bank account of defendant JOSEPH ASSELIN in order to purchase a 2002 BMW 325CiC, VIN WBABS3344JY59363 for defendant JANET ASSELIN.

All in violation of Title 18, United States Code, Section 1957, and Title 18, United States Code, Section 2.

## Racketeering Acts 230 through 233

48.   On or about the dates listed below, in the District of Massachusetts and elsewhere, the defendants listed below, did knowingly corruptly persuade another person, and attempt to do so, with the intent to cause and induce said person to withhold testimony, and withhold a record, document and other object from a grand jury investigation expected to be initiated soon, and with the intent to impair the object's integrity and availability for use in said grand jury investigation, by causing said person to engage in the following conduct:

69

| 230 | Summer, 2002 | Defendant RAYMOND ASSELIN, SR. caused another person to conceal and attempt to conceal approximately $240,000.00 in cash by secreting the cash in the residence at 40 Santa Maria Street, Springfield, MA |
|-----|--------------|--------------------------------------------------------|
| 231 | 08/00/02 | Defendant ARTHUR SOTIRION caused a SHA employee to download the employee's computer hard drive onto computer discs, erase the contents of the employee's computer hard drive, and then attempted to have the SHA employee secrete the computer discs at the employee's residence. |
| 232 | 09/00/02 | Defendant RAYMOND ASSELIN, SR. caused the administrator of the Section 8 program to destroy a list containing names of residents housed improperly and names of individuals who had requested housing assistance on their behalf. |
| 233 | 09/00/02 | Defendant RAYMOND ASSELIN, SR. attempted to cause a SHA employee to withhold testimony by telling this SHA employee in substance that if the ship goes down, we all go down. |

All in violation of Title 18, United States Code, Section 1512(b)(2)(A) and (B).

**Racketeering Acts 234 through 235**

49.  On or about the dates listed below, in the District of Massachusetts and elsewhere, the defendants listed below, did corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due administration of justice by engaging in the following conduct:

| 234 | 08/21/02 | Defendant RAYMOND ASSELIN, SR. counseled a witness subpoenaed by the grand jury regarding false testimony to provide the grand jury in the event that the witness appeared before the grand jury. |
|-----|----------|--------------------------------------------------------|

| 235 | 04/10/03 | Defendant PETER DAVIS falsely told special agents of the Federal Bureau of Investigation that he had not paid for any home improvements for any members of the Asselin family. |
|-----|----------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

All in violation of Title 18, United States Code, Section 1503, and Title 18, United States Code, Section 2.

All in violation of Title 18, United States Code, Section 1962(c).

### Applicability of Guideline Enhancements as to Count One

The Grand Jury further charges as to each defendant that Count One involved more than one bribe or extortion, and that the value of those bribes and extortions exceeded $1,000,000.00. Accordingly, U.S.S.G. Sections 2E1.1(a)(2), 2C1.1(b)(1) and (2)(A), 2B1.1(b)(1)(I) and 1B1.3 are applicable to Count One.

The Grand Jury further charges that defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION were an organizer or leader of criminal activity that involved five or more participants. Accordingly, U.S.S.G. Section 3B1.1(a) is applicable to defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION.

The Grand Jury further charges that defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense. Accordingly, U.S.S.G. Section 3B1.3 is applicable to defendants RAYMOND ASSELIN, SR. and ARTHUR

71

SOTIRION.

The Grand Jury further charges that defendants RAYMOND
ASSELIN, SR., ARTHUR SOTIRION and PETER DAVIS willfully
obstructed or impeded, or attempted to obstruct or impede, the
administration of justice during the course of the investigation
of the instant offense of conviction, and that the obstructive
conduct related to the defendant's offense of conviction and any
relevant conduct. Accordingly, U.S.S.G. Section 3C1.1 is
applicable to defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION
and PETER DAVIS.

**COUNT TWO:**   **Title 18, United States Code, Section 1962(d) -**
**Racketeering Conspiracy**

50.   The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 33.

51.   From in or about 1992 through April, 2003, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere,

**RAYMOND ASSELIN, SR.,**
**ARTHUR SOTIRION,**
**PETER DAVIS,**
**JOHN SPANO,**
**and,**
**PAUL BANNICK,**

defendants herein, together with other persons known and unknown, being persons employed by and associated with the Springfield Housing Authority, an Enterprise, which engaged in, and the activities of which affected, interstate commerce, knowingly, and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that Enterprise through a pattern of racketeering activity, as that term is defined in Sections 1961(1) and 1961(5) of Title 18, United States Code, consisting of multiple acts indictable under the following provisions of federal law:

   A.   Title 18, United States Code, Section 201 (federal bribery and receipt of gratuities);

   B.   Title 18, United States Code, Section 1341 (mail fraud);

73

C.   Title 18, United States Code, Section 1503 (obstruction of justice);

D.   Title 18, United States Code, Section 1512 (witness tampering);

E.   Title 18, United States Code, Section 1951 (extortion); and,

F.   Title 18, United States Code, Section 1957 (money laundering).

It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

**Applicability of Guideline Enhancements as to Count Two**

The Grand Jury further charges as to each defendant that Count Two involved more than one bribe or extortion, and that the value of those bribes and extortions exceeded $1,000,000.00. Accordingly, U.S.S.G. Sections 2E1.1(a)(2), 2C1.1(b)(1) and (2)(A), 2B1.1(b)(1)(I) and 1B1.3 are applicable to Count Two.

The Grand Jury further charges that defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION were an organizer or leader of criminal activity that involved five or more participants. Accordingly, U.S.S.G. Section 3B1.1(a) is applicable to defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION.

The Grand Jury further charges that defendants RAYMOND

74

ASSELIN, SR. and ARTHUR SOTIRION abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense. Accordingly, U.S.S.G. Section 3B1.3 is applicable to defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION.

The Grand Jury further charges that defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION and PETER DAVIS willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation of the instant offense of conviction, and that the obstructive conduct related to the defendant's offense of conviction and any relevant conduct. Accordingly, U.S.S.G. Section 3C1.1 is applicable to defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION and PETER DAVIS.

**COUNT THREE:**    **Title 18, United States Code, Sections 201 and 371 - Conspiracy to Commit Federal Bribery and Receive Illegal Gratuities**

52.  The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28.

53.  From in or about 1993, the exact beginning date being unknown to the Grand Jury, and continuing thereafter through at least April, 2003, in the District of Massachusetts,

**RAYMOND ASSELIN, SR.,**
**ARTHUR SOTIRION,**
**PETER DAVIS,**
**JOHN SPANO,**
**PAUL BANNICK,**
**JANET ASSELIN,**
**JAMES ASSELIN,**
**RAYMOND ASSELIN, JR.**
**JOSEPH ASSELIN,**
**MELINDA ASSELIN,**
**MARIA SERRAZINA,**
**CHRISTOPHER ASSELIN,**
**and,**
**MERYLINA ASSELIN,**

defendants herein, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with each other and other persons both known and unknown to the Grand Jury to commit an offense against the United States, that is,

A.  Defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION, being a public official, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept the things of value, all with the intent of being influenced in the performance of an official act; being influenced to commit

76

and aid in committing and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and being influenced to act and omit to do an act in violation of his official duty; and,

B. Defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION, being a public official, otherwise than as provided by law for the proper discharge of official duty, did directly and indirectly demand, seek, receive, accept, and agree to receive and accept things of value for or because of any official act performed and to be performed by such official or person.

### The Objects of the Conspiracy

The objects of the conspiracy were:

54.   The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 22 through 25.

### The Means and Methods of the Conspiracy

55.   The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 26 through 28.

### Overt Acts in Furtherance of the Conspiracy

As a part of and in furtherance of the above-described conspiracy and to accomplish the objects and purposes thereof, defendants herein and their co-conspirators did commit and cause to be committed the following overt acts:

56.   The United States re-alleges and incorporates by reference the allegations set forth in racketeering acts 1

77

through 140.

All in violation of Title 18, United States Code, Sections 371, 201(b)(1)(A), (B), and (C), and 201(c)(1)(B).

**Applicability of Guideline Enhancements as to Count Three**

The Grand Jury further charges as to each defendant that Count Three involved more than one bribe or gratuity, and that the value of those bribes and gratuities exceeded $1,000,000.00. Accordingly, U.S.S.G. Sections 2E1.1(a)(2), 2C1.1(b)(1) and (2)(A), 2B1.1(b)(1)(I) and 1B1.3 are applicable to Count Three.

The Grand Jury further charges that defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION were an organizer or leader of criminal activity that involved five or more participants. Accordingly, U.S.S.G. Section 3B1.1(a) is applicable to defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION.

The Grand Jury further charges that defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense. Accordingly, U.S.S.G. Section 3B1.3 is applicable to defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION.

The Grand Jury further charges that defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, PETER DAVIS, JANET ASSELIN, JAMES ASSELIN, RAYMOND ASSELIN, JR., and MARIA SERRAZINA willfully

78

obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation of the instant offianse of conviction, and that the obstructive conduct related to the defendant's offense of conviction and any relevant conduct. Accordingly, U.S.S.G. Section 3C1.1 is applicable to defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, PETER DAVIS, JANET ASSELIN, JAMES ASSELIN, RAYMOND ASSELIN, JR., and MARIA SERRAZINA.

**COUNTS 4 - 77**:    **Title 18, United States Code, Section 201 -**
**Federal Bribery and Receipt of Illegal Gratuity**

57.   The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28.

58.   On or about the following dates, in the District of Massachusetts, the following defendants listed herein, being a public official, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept the following things of value, all with the intent of being influenced in the performance of an official act; being influenced to commit and aid in committing and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and being influenced to act and omit to do an act in violation of his official duty:

| Count | Defendant | Date and Thing of Value Received |
|-------|-----------|----------------------------------|
| 4 | RAYMOND ASSELIN, SR. ARTHUR SOTIRION | G & R Associates, Inc. Check No. 789 for $6,750.00 as payment for a new residential roof and barn roof at the residence of defendant SOTIRION's sister on or about 07/26/99 |
| 5 | RAYMOND ASSELIN, SR. ARTHUR SOTIRION | G & R Associates, Inc. Check No. 793 for $1,125.00 as payment for pressure treated decking, two storm windows, and a load of mulch installed at defendant SOTIRION's rental property on or about 08/11/99 |