UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  | CR-N-04-30033-MAP |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **CHRISTOPHER ASSELIN,** ) | |
| ) | |
| **Defendant.** ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT CHRISTOPHER ASSELIN'S MOTION TO MODIFY CRIMINAL JUDGMENT

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, hereby files the Government's Opposition To Defendant Christopher Asselin's Motion To Modify Criminal Judgment (Docket No. 400) (the "Motion").

The government respectfully submits that the Motion should be denied, since the Springfield Housing Authority (to whom the defendant has never even apologized much less provided compensation) deserves his prompt restitution payment.

I.   The Defendant's Motion Should Be Denied

     A.   The Judgment

On January 24, 2007, this Court entered a Judgment (Docket No. 386) (the "Judgment") that sentenced the defendant to a term of eighteen months incarceration with a surrender date of February 28, 2007; two years supervised release; a $3,000.00 fine; a $300.00 special assessment; and $140,685.45 in restitution.  The Judgment

specified that the defendant's fine and restitution be paid within 90 days. Judgment, at 5.

The defendant has now moved the Court for an order delaying indefinitely his restitution payment pending the resolution of his wife's employment by the City of Chicopee.

B. The Defendant's Offense

As set forth in far greater detail in the Pre-Sentence Report dated December 14, 2006 and revised January 11, 2007 (the "PSR"), the defendant participated in a vast and damaging series of crimes centered around the corrupt operation of the Springfield Housing Authority (the "SHA") by his father, Raymond Asselin, Sr. and Arthur Sotirion.

In particular, the defendant pleaded guilty to the following charges in the Second Superseding Indictment (the "Indictment"): conspiracy to commit bribery (Count 3), in violation of 18 U.S.C. § 370 and 201; conspiracy to commit theft against the government (Count 85), in violation of 18 U.S.C. §§ 370 and 641; and conspiracy to commit mail and wire fraud (Count 86), in violation of 18 U.S.C. §§ 370, 1341, 1343, and 1346.

In connection with the bribery conspiracy charged in Count 3, the defendant received a total of $87,386.35 in gratuities, including a wide variety of valuable items for his home and political office. In connection with the defendant's theft charged in Count 85, the defendant was responsible for approximately

$66,115.82 in home improvement expenses, automotive repair payments, and other personal expenditures. Notably, the loss figure in Count 85 understated the seriousness of the defendant's offense since it does <u>not</u> capture a substantial amount of theft attributable to the defendant, such as the stolen wages of SHA workers and a great variety of items stolen from the SHA, including lawn mowers, weed whackers, snow blowers, power tools, tile, paint, stain, wallpapers, lumber, plates, napkins, cups, office supplies, picture frames, rolls of film, and electrical fixtures. PSR ¶ 204.

In light of the defendant's brazen bribery and theft, the government had argued at sentencing for a fine of $174,772.70, amounting to twice the government's conservative estimate of the defendant's gross profits. However, recognizing the defendant's financial straits, the Court limited the defendant's fine to $3,000.00.

    C.   <u>The Defendant Should Pay His Restitution Promptly</u>

Having already been spared a significant financial penalty in the form of a fine, the defendant now seeks an indefinite extension of his restitution payment. <u>See</u> Motion at page 5. The government respectfully opposes this request, on the ground that the SHA (to whom the defendant refused to even acknowledge at his sentencing)[1] deserves the defendant's prompt compensation.

---

[1] Notably, the defendant failed to apologize to the SHA, its tenants, or its administrators, although he took pains to apologize to the disgraced former House Speaker, Thomas Finneran.

Since July 2004, the defendant has known that a day of reckoning would inevitably arrive for his crimes, and that this day would result in a heavy monetary payment. The defendant was first arrested on the initial indictment on July 9, 2004. On January 11, 2005, the defendant was indicted again for his role in the SHA crimes; the indictment specifically identified the defendant's home at 184 Bowles Park Extension, Springfield, MA as a substitute asset for forfeiture purposes. On September 7, 2006, the defendant pleaded guilty pursuant to a plea agreement that required the forfeiture of his home. See Motion at ¶ 8 (conceding that "the Asselins were keenly aware that there was a 'forfeiture feature to his plea agreement.'"). Shortly before sentencing, the government agreed that, in lieu of this forfeiture, the defendant could pay the cash equivalent of his interests in his home and in his family's luxury vacation home at 56 Stage Island Road, Chatham, MA. At sentencing, the Court ordered duly the defendant to pay restitution in the amount of $140,685.45 within 90 days.

Against this backdrop, the defendant's cry of poverty rings false. According to the PSR, the defendant has a net worth of $214,290, with $141,134 in equity in his home. Notably, although the Motion relies on the City of Chicopee's decision to withhold backpay for the defendant's wife, see Motion at ¶ 10 (stating that the backpay is "potential collateral for a loan"), the Motion lacks any sworn statement of the defendant: (a) stating that the defendant

4

has attempted to refinance his home; (b) providing any specifics about his attempts to refinance his home; and (c) explaining why he cannot refinance his home.

Moreover, according to the PSRs for Raymond Asselin, Sr. and Janet Asselin, the defendant's parents have an approximate net worth of $4,179,829. Even subtracting the approximately $3 million value of the Chatham house from this net worth, the defendant's parents still have assets in excess of $1 million, including hundreds of thousands of dollars in financial accounts that could be liquidated to assist their son.

Finally, the SHA, which the defendant and his family virtually looted and pillaged for over a decade, deserves prompt compensation. At sentencing, the government and the Court permitted the defendant compassionate relief from the harsh forfeiture penalty that he faced. Saved from the severity of eviction, the defendant now should not be permitted to convert this measure of compassion into the continued luxury of keeping the dollars that he stole from the SHA for an indefinite period of time. To do otherwise would be to allow the defendant an extension of what amounts to an interest-free loan on the monies that he illicitly obtained through bribery and theft as well as to countenance an effective breach of his plea agreement.

Accordingly, the government respectfully submits that the Court deny the defendant's Motion or, in the alternative, extend the deadline for restitution by an additional, and final, sixty days.

II. <u>Conclusion</u>

For the foregoing reasons, the Government respectfully requests the Court to deny the defendant's Motion or, in the alternative, extend the deadline for restitution by an additional, and final, sixty days.

Filed this 12th day of February, 2007.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


   <u>/s/ Steven H. Breslow   </u>
STEVEN H. BRESLOW
Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          February 12, 2007


    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing said motion to:

William J. Cintolo, Esq.
One International Place, Suite 1820
Boston, MA 02110
Counsel for defendant Christopher Asselin


                                       /s/ Steven H. Breslow
                                       STEVEN H. BRESLOW
                                       Assistant United States Attorney